**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

**CHRISTOPHER L. CROZIER,**

Plaintiff,

v.

**MAXIMUS EDUCATION, LLC,**
**d/b/a AIDVANTAGE,**

Defendant.

FCRA and FDCPA Complaint and Jury Demand

Case No.

Hon.

Magistrate Judge:

_______________________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, **CHRISTOPHER L. CROZIER** (hereinafter "Plaintiff" or "Mr. Crozier"), by and through his attorneys, The Law Offices of Brian P. Parker, P.C., and for his Complaint against Defendant **MAXIMUS EDUCATION, LLC, d/b/a AIDVANTAGE** (hereinafter "Aidvantage" or "Defendant"), states as follows:

## I. PRELIMINARY STATEMENT

Plaintiff brings this action based upon Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. These statutes were enacted expressly to protect consumers from the types of harm alleged herein. Plaintiff's claims arise from a student loan account that Aidvantage is reporting and attempting to collect against Plaintiff even though Plaintiff never opened, applied for, or authorized the loan. **See Exhibit 1**. The account is the product of identity theft and the address of the recipient of the loan is not one Plaintiff has never lived at.

**Despite Plaintiff's repeated disputes and extensive documentation, Aidvantage has refused to delete the fraudulent account, has continued to report it, and continues to treat Plaintiff as the obligor on a debt he does not owe, all in violation of the FCRA and the FDCPA**. Plaintiff now fears a loaming default date of August 1, 2026 that will further devastate Mr. Crozier's financial reputation and ability to procure employment in his field of expertise. **Please see Exhibit 1**.

## II. PARTIES

1. Plaintiff Christopher L. Crozier is a natural person and a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c), residing in Oxford, Oakland County, State of Michigan, where he has lived for more than thirty two (32) years. **See Exhibit 1**.

2. Defendant Maximus Education, LLC, doing business as Aidvantage, is an official debt collector of Federal Student Aid for the United States Department of Education (NMLS #2241381), with a correspondence address of P.O. Box 300001, Greenville, Texas 75403 3001. Aidvantage transacts business in this Federal District, including by furnishing information concerning Michigan consumers such as Plaintiff to the national consumer reporting agencies.

3. Aidvantage is a "furnisher" of information to consumer reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681s-2, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the mails and instrumentalities of interstate commerce and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another, namely the United States Department of Education, using a name ("Aidvantage") other than that of the creditor. Aidvantage's own

correspondence to Plaintiff characterizes the account as a "debt" with an "underlying obligation."

4. In the alternative, and to the extent Defendant contends it is a servicer rather than a debt collector, Aidvantage is nonetheless a debt collector as to the account at issue as the account is the product of identity theft and was never validly originated by Plaintiff and no bona fide loan obligation of Plaintiff ever existed that could have been current or not in default at the time Aidvantage obtained it. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. 15 U.S.C. § 1692k and **Plaintiff has actual damages as a result of the Defendant Aidvantage violations of the FDCPA and FCRA**. **See Exhibit 1-7.**

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. § 1692k(d), and the FCRA, 15 U.S.C. § 1681p, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims, including the furnishing of inaccurate information concerning Plaintiff, Plaintiff's disputes, and the resulting harm, occurred in this District. Plaintiff resides in Oakland County, which is within the Eastern District of Michigan, Southern Division.

## IV. STATUTES THAT APPLY TO THIS CASE

7. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3). A "debt" means any obligation or alleged obligation

of a consumer to pay money arising out of a transaction which is primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9. 15 U.S.C. **§ 1692e** provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including **(2)(A)** the false representation of the character, amount, or legal status of any debt; **(8) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed**; and (10) the use of any false representation or deceptive means to collect or attempt to collect any debt.

10. 15 U.S.C. **§ 1692f** provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including (1) the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

11. Any debt collector who fails to comply with the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, and reasonable attorney's fees and costs as determined by the Court. 15 U.S.C. § 1692k.

12. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c), whom Congress sought to protect from inaccurate, incomplete, and unverified credit reporting.

13. The FCRA imposes duties upon furnishers of information. Upon receiving notice of a dispute from a consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2), a furnisher must conduct a reasonable investigation with respect to the disputed information, review all relevant information provided by the consumer reporting agency, report the results of the investigation, and, if the information is found to be inaccurate or incomplete or cannot be verified, modify, delete, or permanently block the reporting of that information. 15 U.S.C. § 1681s-2(b).

14. Section 1681n provides that any person who willfully fails to comply with any requirement of the FCRA is liable to the consumer for actual damages or damages of not less than $100 and not more than $1,000; such punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681n.

15. Section 1681o provides that any person who is negligent in failing to comply with any requirement of the FCRA is liable to the consumer for actual damages and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681o.

## V. FACTUAL ALLEGATIONS

16. Plaintiff has resided at 1815 Hosner Road, Oxford, Michigan 48370 for more than thirty two (32) years and has never lived in Dearborn, Michigan, the address listed on the application for the disputed loan. **Please see Exhibit 1- 7**.

Experian https://usa.experian.com/mfe/credit/printable-report/experian/now

experian.

Prepared For CHRISTOPHER L. CROZIER Date generated: Jul 30, 2025

## Personal information

Name
CHRISTOPHER L CROZIER

Also known as
-

Year of birth
1988

Addresses
23134 BUCKINGHAM ST
DEARBORN, MI 48128-2804

1815 HOSNER RD
OXFORD, MI 48370-2625

Employers
UPS

**Personal statements**

No statement(s) present at this time

To Whom It May Concern:
I NEVER LIVED IN DEARBORN, MI

X Christopher L. Crozier

17. Plaintiff holds a Master of Science in Information Systems from Central Michigan University (2021) and a Master of Business Administration from Walsh College (2016). **Plaintiff has never attended, enrolled in, applied to, or sought any loan for Henry Ford Community College (also known as Henry Ford College) that is the subject college for the loan in dispute**. **Please see Exhibit 1-2**.

18. On or about July 30, 2025, Plaintiff obtained and reviewed his Experian consumer report and discovered a student loan account he did not recognize, reported by Aidvantage as "DEPT OF ED/AIDVANTAGE." **See Exhibit 2.**

19. The account is a purported federal student loan for Henry Ford Community College, opened June 12, 2025, with an original balance of approximately $3,190. It is not Plaintiff's account. Plaintiff never opened it and never authorized anyone to open it in his name, and it is the product of identity theft. **See Exhibits 1 and 2.**

20. The personal information associated with the account is not Plaintiff's. Plaintiff's Experian report lists an address of 23134 Buckingham Street, Dearborn, Michigan 48128 in connection with the account, an address at which Plaintiff has never resided, and the telephone number and email address associated with the account are likewise not his. **See Exhibits 1-2.**



experian. Prepared For CHRISTOPHER L. CROZIER Date generated: Jul 30, 2025

**Open accounts**

DEPT OF ED/AIDVANTAGE — $3,200

Exceptional payment history — Balance updated Jun 30, 2025

Account Info

| | | | |
|---|---|---|---|
| Account name | DEPT OF ED/AIDVANTAGE | Balance | $3,200 |
| Account number | 904653XXXXXXXXXXXXXXXXXXXXXX | Balance updated | Jun 30, 2025 |
| Original creditor | - | Original balance | $3,190 |
| Company sold | - | Paid off | 0% |
| Account type | Education | Monthly payment | $0 |
| Date opened | Jun 12, 2025 | Terms | - |
| Open/closed | Open | Responsibility | Individual |
| Status | Open/Never late. Deferred, payments begin Dec 2027. | Your statement | - |
| Status updated | Jun 2025 | | |

Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | - | - | - | - | - | ✓ | - | - | - | - | - | - |

✓ Current / Terms met  - Data Unavailable

Contact Info

Address: 1600 TYSON BOULEVARD, ST MCLEAN, VA 75403

Phone number: (800) 722-1300

Comments

-



of 12 7/30/2025, 7:55 PM

21. On July 30, 2025, Plaintiff submitted a written dispute to Experian, together with substantial documentation establishing his identity, his residence, and that the account is not his, including a completed Experian dispute form, a copy of his credit report, his Michigan driver's license, his Social Security card, his Central Michigan University (2021) and Walsh College (2016) diplomas, and a Blue Cross Blue Shield of Michigan subscriber statement. **See Exhibit 1-2.**

22. Plaintiff also disputed the fraudulent account with Equifax, another national consumer reporting agency. Equifax forwarded Plaintiff's dispute to Aidvantage as the furnisher of the account. By reinvestigation results dated September 1, 2025 (Confirmation Number 5231577344), Equifax reported that the furnisher, Dept of Ed/Aidvantage, had verified that the account belongs to Plaintiff rather than deleting it, even though the account is not Plaintiff's and is the product of identity theft. **See Exhibit 3.**

23. Plaintiff also submitted an identity theft claim directly to Aidvantage, advising Aidvantage that the loan was not his and was the result of identity theft. **See Exhibit 1**.

24. Experian forwarded Plaintiff's dispute to Aidvantage as the furnisher of the account. Rather than conduct a reasonable investigation and delete the fraudulent account, Aidvantage "verified" the account and continued to report it, causing the notation "Completed Investigation of FCRA dispute, consumer disagrees" to appear on Plaintiff's Experian report. **See Exhibit 2.**

25. By letter dated November 3, 2025 (received on or about November 13, 2025), Aidvantage advised Plaintiff that it had closed the identity theft claim because it had "not received the requested supporting documentation to substantiate [Plaintiff's] declarations," stated that

"[t]he result of this dispute does not change the underlying obligation on the debt," and stated that it would continue to report the account to the consumer reporting agencies with the comment "FCRA direct dispute investigation completed, consumer disagrees with the results of the data furnisher's investigation." **See Exhibit 4.**

PO BOX 300001
GREENVILLE, TX 75403-3001

800-722-1300

00004481 003630 006453 1/2 000000 8508907 12917-12920

CHRISTOPHER CROZIER
1815 HOSNER RD
OXFORD MI 48370-2625

**Account number:** 9046533607 - 1

11/03/25

Rec 11/13/25

CHRISTOPHER,

We've closed the identity theft claim on your federal student loans.

We've been unable to confirm your claim of identity theft/forgery for the loan referenced below because:

- We have not received the requested supporting documentation to substantiate your declarations from your discharge application.

**What happens next**
The result of this dispute does not change the underlying obligation on the debt.

**If you disagree - submitting additional documents for reconsideration**
If you have new or additional information to provide us to aid in the investigation of the claim, including a judicial determination that the loans were the result of identity theft, you can submit your documents at any time to begin the discharge review process again. If applicable, your request may also be forwarded to the U.S. Department of Education on your behalf for additional review. *Please be sure to write your account number on all documents*:

26. By a subsequent letter dated December 8, 2025 (received on or about December 23, 2025, and again on or about January 5, 2026), Aidvantage again closed the identity theft claim, this time stating that it was "unable to conclusively determine that a fraud was committed or attempted using the identifying information of another person without authority (missing records from the school)," again stated that the result did not change the "underlying

obligation on the debt," and again stated that it would continue to report the account. **See Exhibit 5.**

aidVantage | Official Servicer of Federal Student Aid

P.O. Box 300001
Greenville, TX 75403-3001

(800)722-1300

CHRISTOPHER CROZIER
1815 HOSNER RD
OXFORD MI 78370

Account Number: 9046533607

Date: December 8, 2025

## CHRISTOPHER, we've closed the identity theft claim on your federal student loans.

We've been unable to confirm your claim of identity theft/forgery for the loan referenced below because:

- We are unable to conclusively determine that a fraud was committed or attempted using the identifying information of another person without authority (missing records from the school).

**What happens next**
The result of this dispute does not change the underlying obligation on the debt.

**If you disagree - submitting additional documents for reconsideration**
If you have new or additional information to provide us to aid in the investigation of the claim, including a judicial determination that the loans were the result of identity theft, you can submit your documents at any time to begin the discharge review process again. If applicable, your request may also be forwarded to the U.S. Department of Education on your behalf for additional review. *Please be sure to write your account number on all documents*:

27. Both of Aidvantage's response letters enclosed a form "**Notice of Rights to California Victims of Identity Theft" under California Civil Code § 1785.16(k)**, even though Plaintiff is and always has been a resident of Michigan, not California, demonstrating that **Aidvantage's handling of Plaintiff's dispute was perfunctory and templated rather than a reasonable, individualized investigation**. <u>See Exhibit 4-5.</u>

*Accuracy of reporting*
The Fair Credit Reporting Act requires lenders and servicers, such as Aidvantage, who report information to the consumer reporting agencies to do so with accuracy. Therefore, we cannot remove accurate information from your credit report.

**NOTICE OF RIGHTS TO CALIFORNIA VICTIMS OF IDENTITY THEFT**
**California Civil Code § 1785.16(k)**

A. If a consumer submits to a credit reporting agency a copy of a valid police report, or a valid investigative report made by a Department of Motor Vehicles investigator with peace officer status, filed pursuant to Section 530.5 of the Penal Code, the consumer credit reporting agency shall promptly and permanently block reporting any information that the consumer alleges appears on his or her credit report as a result of a violation of Section 530.5 of the Penal Code so that the information cannot be reported.
B. The consumer credit reporting agency shall promptly notify the furnisher of the information that the information has been so blocked

28. Despite the documentation Plaintiff provided, Aidvantage refused to delete or correct the account, continues to report it to the consumer reporting agencies, and continues to treat Plaintiff as the obligor on a debt he does not owe. **Aidvantage has never provided Plaintiff with the underlying loan documents, promissory note, or application that it or the school claims to hold**. **See Exhibits 1.**

29. Plaintiff also made repeated written and telephonic efforts to resolve the fraudulent account directly with the Henry Ford College Financial Aid Office, the institution to which the loan proceeds were purportedly disbursed. Plaintiff sent certified mail correspondence to the Henry Ford College Financial Aid Office dated February 8, 2026, May 12, 2026, and June 17, 2026, each explaining that the loan was fraudulent and the product of identity theft and requesting that it be removed. Plaintiff also left voicemail messages on May 28, 2026, June 15, 2026, and June 16, 2026, and personally visited the Henry Ford College Financial Aid Office in Dearborn on more than one occasion. On February 13, 2026, a representative of the Henry Ford College Financial Aid Office identified as Stephanie telephoned Plaintiff and acknowledged that she was aware of suspicious activity under Plaintiff's name. **See Exhibit 6.**

30. Aidvantage's continued reporting has caused the reported balance of the fraudulent account to grow from approximately $3,190 to approximately $6,773, as reflected on Plaintiff's current Experian report (dated July 5, 2026; balance updated May 31, 2026; original balance $6,380) and Equifax report (dated July 11, 2026; account ending 0250; balance $6,773). **<u>See Exhibit 1.</u>**

31. Aidvantage's continued reporting of the fraudulent account has injured Plaintiff's credit. Plaintiff's Equifax VantageScore 3.0, as reflected in a printout dated July 5, 2026, stood at 722 and had declined 36 points since June 18, 2026. **<u>See Exhibit 7.</u>**

32. The fraudulent account is reported as deferred with payments scheduled to begin in October 2026, and Plaintiff has been advised that the account will be placed into default as early as August 1, 2026, which would cause further severe damage to Plaintiff's credit and financial reputation and result in the debt being referred to the United States Department of Education in Plaintiff's name. **<u>See Exhibit 1-7.</u>**

33. In his efforts to clear the fraudulent account, Plaintiff has undertaken extraordinary steps, including sending certified mail correspondence to Aidvantage and to the Henry Ford College Financial Aid Office on multiple occasions, driving on multiple occasions approximately ninety (90) miles round trip from Oxford to Dearborn to Henry Ford College, leaving multiple telephone messages, and purchasing credit monitoring services. Plaintiff has incurred at least $640.93 in documented out of pocket costs as a direct result of the identity fraud and Aidvantage's continued reporting, and estimates his costs and expenses, exclusive of attorney's fees, at approximately $645.00. **<u>See Exhibit 1.</u>**

34. As a direct and proximate result of Aidvantage's conduct, Plaintiff has suffered and continues to suffer actual damages, including out of pocket expenses, lost time, aggravation, worry and emotional distress, and injury to his credit and financial reputation, together with the ongoing threat of default and further credit harm. **See all Exhibits 1-7**.

## VI. CAUSES OF ACTION

### COUNT I. VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681s-2(b))

35. Plaintiff realleges and incorporates by reference all preceding paragraphs and **Exhibits 1-7** as if fully set forth herein.

36. Plaintiff disputed the fraudulent Aidvantage account with Experian and with Equifax and Trans Union, each a consumer reporting agency, and each agency forwarded that dispute to Aidvantage as the furnisher of the account. **See Exhibits 1-7**.

37. Upon receiving notice of the dispute, Aidvantage was required under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agency, and modify, delete, or permanently block the reporting of any information found to be inaccurate, incomplete, or unverifiable.

38. **Aidvantage failed to conduct a reasonable investigation**. Despite Plaintiff's extensive documentation, and despite Aidvantage's own admissions that it could not confirm the loan and lacked "records from the school," Aidvantage verified and continued to report an account that is not Plaintiff's and that resulted from identity theft.

39. Aidvantage's failures were willful within the meaning of 15 U.S.C. § 1681n, or in the alternative negligent within the meaning of 15 U.S.C. § 1681o.

40. As a result of Aidvantage's conduct, Plaintiff has suffered actual damages and is entitled to actual or statutory damages, punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o. **See Exhibits 1-7.**

## COUNT II. VIOLATION OF THE FDCPA WITH FALSE AND MISLEADING REPRESENTATIONS

**(15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10))**

41. Plaintiff realleges and incorporates by reference all preceding paragraphs and **Exhibits 1-7** as if fully set forth herein.

42. In connection with the collection of the alleged debt, Aidvantage made false, deceptive, and misleading representations regarding the character, amount, and legal status of the alleged debt by representing that Plaintiff owes a student loan he never took out, and by continuing to assert an "underlying obligation on the debt" after being informed, and provided with documentation, that the account is the product of identity theft, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

43. As a result of Aidvantage's wrongful conduct, Plaintiff has suffered damages as set forth above and seeks statutory and actual damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1692k(a)(1), (2)(A), and (3).

## COUNT III. VIOLATION OF THE FDCPA WITH UNFAIR AND UNAUTHORIZED CHARGES

**(15 U.S.C. §§ 1692f and 1692f(1))**

44. Plaintiff realleges and incorporates by reference all preceding paragraphs and **Exhibits 1-7** as if fully set forth herein.

45. Aidvantage used unfair and unconscionable means to collect or attempt to collect the alleged debt, including by attempting to collect and continuing to report an amount, now approximately $6,773, that is not owed by Plaintiff and is not expressly authorized by any agreement between Plaintiff and Aidvantage or the United States Department of Education, nor permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

46. As a result of Aidvantage's wrongful conduct, Plaintiff has suffered damages as set forth above and seeks statutory and actual damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1692k(a)(1), (2)(A), and (3).

**COUNT IV. VIOLATION OF THE FDCPA WITH WRONGFUL CREDIT REPORTING**

**(15 U.S.C. § 1692e(8))**

47. Plaintiff realleges and incorporates by reference all preceding paragraphs and **Exhibits 1-7** as if fully set forth herein.

48. Aidvantage communicated to the consumer reporting agencies credit information which it knew, or which it should have known, to be false, namely, that Plaintiff owes the fraudulent student loan account, and did so after Plaintiff disputed the account and provided documentation of identity theft, in violation of 15 U.S.C. § 1692e(8).

49. As a result of Aidvantage's wrongful conduct, Plaintiff has suffered damages as set forth above and seeks statutory and actual damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1692k(a)(1), (2)(A), and (3). **See Exhibit 1-6**.

50. Because of Aidvantage's conduct, Plaintiff retained the undersigned counsel. Counsel has been an attorney in good standing in Michigan and Florida for more than thirty-two (32) years and has personally handled thousands of consumer debt and credit cases. Counsel is

recognized in his field as a consumer advocate and an experienced consumer trial attorney. Counsel's time is billed at a reasonable rate of $500.00 per hour.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Aidvantage as follows:

**A. For the Claims Under the FCRA (15 U.S.C. §§ 1681n and 1681o):**

i. Actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

ii. Statutory damages of not less than $100 and not more than $1,000 for each willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

iii. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

iv. Deletion and permanent blocking of the fraudulent Aidvantage tradeline from Plaintiff's consumer reports and such other equitable relief as the Court deems just and proper;

v. Reasonable attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b); and

vi. Such other and further relief as may be just and proper.

**B. For the Claims Under the FDCPA (15 U.S.C. § 1692k):**

i. An award of maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

ii. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

iii. Declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 adjudging that Defendant's conduct violated the FDCPA;

iv. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

v. Prejudgment and post judgment interest as permitted by law; and

vi. Such other and further relief as may be just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**THE LAW OFFICES OF BRIAN P. PARKER, P.C.**

/s/ Brian P. Parker
Brian P. Parker (P48617)
Attorney for Plaintiff Christopher L. Crozier
4301 Orchard Lake Road, Suite 180 208
West Bloomfield, MI 48323
(248) 342 9583
brianparker@collectionstopper.com

Dated: July 14, 2026

**PROOF OF SERVICE**

Plaintiff paid the filing fee and served the Complaint and **Exhibits 1-7** by ECF on the Court on the date set forth below.

**THE LAW OFFICES OF BRIAN P. PARKER, P.C.**
/s/ Brian P. Parker
Brian P. Parker (P48617)
Attorney for Plaintiff Christopher L. Crozier

Dated: July 14, 2026